[Civ. No. 2531.   Third Appellate District.—April 12, 1924.]

## U. S. GRANT MYERS, Appellant, v. A. ROVAI et al., Respondents.

[1] NEGLIGENCE—AUTOMOBILE COLLISION—OBSTRUCTED VIEW—EXCESSIVE SPEED—EVIDENCE—VERDICT.—In this action to recover damages as the result of a collision between an automobile belonging to plaintiff and a truck belonging to defendants as the two machines were rounding a curve, traveling in opposite directions, the defendants in their answer having pleaded contributory negligence, and there having been sufficient testimony from which the jury were entitled to conclude that at the time of the collision the view of the drivers of the machines as they rounded the curve was more or less obstructed, and such as to come within the purview of section 22 of the Motor Vehicle Act, as it then read, and the testimony, especially that relating to the speed at which plaintiff was driving immediately preceding the time of the accident, having

---

1. See 3 Cal. Jur. 948; 2 Cal. Jur. 921; 2 R. C. L. 204.

been sharply conflicting, the jury was warranted in rendering a verdict in favor of defendant, notwithstanding the testimony offered on the part of plaintiff would have sustained the verdict had the jury found in his favor.

[2] ID. — INSTRUCTIONS — APPEAL — REVIEW OF EXCERPT. — On appeal from the judgment in favor of the defendants in such action, error may not be predicated upon an excerpt from the body of an instruction, as the appellate court is accustomed to read the instructions in their entirety.

[3] ID.—OBSTRUCTED VIEW—EVIDENCE—INSTRUCTIONS.—In such action, there having been testimony in the case both for and against on the subject of the view of the drivers of the respective machines being obstructed at the point of the collision, the trial court properly gave defendants' requested instruction which followed the language of section 22 of the Motor Vehicle Act, as it then read, in relation to driving around curves.

[4] ID. — ERRONEOUS INSTRUCTION. — In such action, the trial court properly refused an instruction requested by plaintiff which omitted all reference to contributory negligence on the part of plaintiff and which was not a full statement of the law.

[5] ID.—SUFFICIENCY OF EVIDENCE.—In civil cases, it is not a matter of whether a question is left uncertain by the testimony but whether any particular issue has or has not been established by a preponderance of the testimony.

[6] ID.—REPUTATION OF SON AS DRIVER—HEARSAY EVIDENCE—ABSENCE OF PREJUDICE.—In such action, one of the issues presented to the jury having been that of rapid and reckless driving of plaintiff's car by his minor son, a boy of the age of about sixteen years, and witnesses having been permitted to testify, without objection, as to his reputation for rapid and reckless driving, and there having been plenty of evidence from which the jury were justified in rendering a verdict in favor of defendants, irrespective of the testimony concerning the reputation of said son for fast and reckless driving, the error of the trial court in permitting a witness for the defendants to testify, over plaintiff's objection, to remarks made by third persons with reference to the reckless driving of said son was not prejudicial.

(1) 28 Cyc., p. 47.　(2) 38 Cyc., p. 1778.　(3) 28 Cyc., p. 49. (4) 38 Cyc., pp. 1633, 1634.　(5) 23 C. J., p. 11, sec. 1743.　(6) 4 C. J., p. 1173, sec. 3201.

2.　See 14 R. C. L. 817.
3.　See 14 R. C. L. 772.
4.　See 3 Cal. Jur. 986; 2 Cal. Jur. 1026; 2 R. C. L. 261.
5.　See 10 Cal. Jur. 790; 10 R. C. L. 1012.
6.　See 10 Cal. Jur. 1054; 10 R. C. L. 954; 2 Cal. Jur. 1020; 2 R. C. L. 250.

APPEAL from a judgment of the Superior Court of Humboldt County. Denver Sevier, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. S. Burnell and Henry L. Ford for Appellant.

Metzler & Mitchell for Respondents.

PLUMMER, J.—Plaintiff began this action for the purpose of recovering of and from the defendants the sum of $1,325 damages alleged to have been suffered by the plaintiff for and on account of a certain automobile collision occurring on the twentieth day of July, 1921, between an automobile belonging to the plaintiff and driven by a son of the plaintiff and a truck belonging to the defendants and driven by the defendant M. Rovai. The case was tried before a jury, the defendants had judgment and the plaintiff appeals.

It appears from the complaint that on the said twentieth day of July, 1921, an automobile belonging to the plaintiff was being driven by Sidney Myers, a minor son of the plaintiff, in a southerly direction on the public highway between Pepperwood and Englewood in the county of Humboldt; that as said automobile proceeded along said highway it reached a point thereon where the road makes a curve of about thirty-four degrees; that at said time the defendants were driving a truck in a northerly direction on said highway and at a point approximately midway on said curve the automobile and truck collided. The force of the collision practically demolished the automobile and also inflicted some minor injuries upon the plaintiff's son. The defendants, in their answer, among other things, pleaded contributory negligence on the part of the plaintiff.

Upon this appeal the appellant urges the insufficiency of the evidence to sustain the verdict, errors in the admission of testimony, and errors in the instructions given by the court to the jury.

[1] There is a sharp conflict in the testimony, especially that relating to the speed at which the plaintiff was driving immediately preceding the time of the collision. The plaintiff's son testified that he was driving at between twenty and

twenty-five miles an hour when he first saw the truck at a
place about thirty-five feet distant from the point of the
collision.   Other witnesses riding in the automobile testified
that it was traveling at about the same rate of speed.   Other
witnesses in the automobile did not estimate the speed.   The
driver of the truck and lookout, who was riding on the
truck, and some of the witnesses testified that the plaintiff
was going at a very rapid rate of speed.   Some of the wit-
nesses testified that when the automobile reached the curve
it was running at a rate of speed between forty and forty-
five miles an hour.   There is, also, sharp conflict as to the
exact location of the automobile and the truck at the time
of the impact and, also, whether there was or was not room
to have passed the truck without injury.   There was, also,
testimony that the automobile was being driven as such a
high rate of speed over the graveled road that it was sway-
ing from side to side.   The testimony of several of the wit-
nesses, among them Vada Myers, Harold E. Sawyer, and
others, was to the effect that willows and small trees grow-
ing alongside the road at the point of the curvature therein
obstructed the view of the highway so that an approaching
automobile could be seen for only a short distance.   Other
witnesses testified that from a point along a line of the center
of the highway the view was unobstructed for a distance of
several hundred yards or more.   It appears from the testi-
mony that the trees and willows along the curve in the road
had been removed since the time of the collision, which may
or may not account for some of the discrepancy in the testi-
mony.   Whatever the facts may have been at the time of
the trial, there is sufficient testimony in the record from
which the jury was entitled to conclude that at the time
of the collision the view of the driver of the truck and of
the driver of the automobile rounding the curve in question
was more or less obstructed, and such as to come within the
purview of section 22 of the Motor Vehicle Act (Stats. 1919,
p. 220) as it then read.   It would serve no useful purpose
to set forth the testimony, and all that needs to be said is
that it is conflicting in this case and if the jury believed
the testimony offered on the part of the defense, the verdict
is amply sustained, even though it be true that the testi-
mony offered on the part of the plaintiff would, also, have
sustained a verdict had the jury found in his favor.

[2]    The appellant urgently insists that the trial court erred in giving the following instruction: "That said Sidney Myers failed to keep on the right-hand side of the road, and that said Sidney Myers' rapid driving in excess of the speed limits and by reason of his failure to keep on the right side of the highway, his machine was driven against the motor vehicle being operated by the defendant, Rovai, and it collided with said autotruck." Were this the instruction given by the trial court to the jury, nothing would be left but to enter an order of reversal. Such, however, is not the instruction. It is simply an excerpt taken from a longer instruction setting forth the defense interposed by the defendants in the action. That instruction reads as follows: "The defendants in their answer allege that Sidney Myers, minor son of plaintiff, was driving and operating plaintiff's automobile at the time of the collision in a careless, negligent and reckless manner, and at a rate of speed in excess of the speed limit, and that at or near the point of collision, while the two motor vehicles that collided, both of them making a curve in the highway, each motor vehicle being driven in the opposite direction, *that said Sidney Myers failed to keep on the right-hand side of the road, and that by reason of said Sidney Myers' rapid driving, in excess of the speed limit, and by reason of his failure to keep on the right side of the highway, his machine was driven against the motor vehicle being operated by defendant M. Rovai, and did collide with said autotruck.* The defendant alleges that the fast and reckless speed of said Sidney Myers, and his failure to drive his car on the right-hand side of the highway contributed to the collision, and that he, the said Sidney Myers was guilty of contributory negligence. Defendant further alleges in his answer to the said complaint, that said plaintiff U. S. Grant Myers was guilty of contributory negligence to allow his son Sidney Myers, a minor to drive his automobile on the highway."

The italicized portion of the foregoing instruction shows the excerpt which appellant has lifted bodily from the context and presented to us as the instruction given by the learned trial court. Comment is unnecessary further than to add that taking of excerpts from the body of an instruction and presenting them to an appellate court is

seldom successful.  We are accustomed to read the instructions in their entirety.

[3]  Instruction number 24, given by the court to the jury at the request of the defendant, is also assigned as error.  This instruction follows the language of section 22 of the Motor Vehicle Law as it read at the time of the collision, in relation to driving around curves and, as we have heretofore shown, there was testimony in the case both for and against on the subject of the view of the drivers of the respective machines being obstructed at the point of the collision.  It was the duty of the court to give said instruction.  Whether the view was in fact obstructed or unobstructed is not for this court to say.  There was testimony in the case on that subject and, therefore, called for such an instruction.

[4]  Instruction number 8, asked for by the plaintiff, omits all reference to contributory negligence on the part of the plaintiff, is not a full statement of the law and was, therefore, properly refused.

Instruction number 9, requested by the plaintiff, also refused, was, so far as it states the law, correctly included in instruction number 10, given at the request of the plaintiff.

Instruction number 10 is as follows: "If you believe from the evidence, by a preponderance thereof, that the defendants at the time of the collision in question were on the westerly side of the State Highway, proceeding in a Northwesterly direction thereon and that they were then on the left side of the said public highway as they proceeded northwesterly thereon, and that the road, at the time and place mentioned in the complaint, was not clear and unobstructed for at lease one hundred yards ahead of them, then you are instructed that the defendants motor-truck was not driven and operated by them upon the side of the public highway where the said motor-truck was entitled to be driven and operated when proceeding in a northwesterly direction.  And the presence of said automobile truck driven and operated by defendants on the left side of the said highway under such circumstances, if it was there, would be negligence on the part of the defendants; and if you find from the evidence by a preponderance thereof that the defendants were negligent in that regard, that such negligence, if any there was, was the proximate cause of the injuries com-

plained of in the plaintiff's complaint, that neither the said plaintiff nor the said Sidney Myers were guilty of any negligence contributing to the injury complained of, then and under such circumstances your verdict should be in favor of the plaintiff for such damages as he has sustained as shown by the evidence in this case."

Instruction number 11, as modified by the court, also properly states the law. [5] In civil cases it is not a matter of whether a question is left uncertain by the testimony but whether any particular issue has or has not been established by a preponderance of the testimony.

Objections are also urged to defendants' instructions given by the court, but as they are only of minor importance it would serve no useful purpose to set them forth in this opinion. A careful consideration of all the instructions given by the court shows that the law applicable to this case was fully, clearly, and fairly given by the trial court to the jury.

[6] Finally, it is urged that the court erred in the admission of certain testimony and with this contention we readily agree, but that a reversal of the judgment should follow does not seem to us a necessary conclusion in view of section 4½ of article VI of the state constitution relative to the improper admission or rejection of testimony. One of the issues presented to the jury was that of rapid and reckless driving of the plaintiff's minor son, a boy then of the age of about sixteen years. After witnesses had testified, without objection, as to the reputation of the boy for reckless and rapid driving, the following question was asked: "Q. Did you ever hear anybody say it was a wonder he did not have an accident?" This question was objected to, the objection overruled, and the witness answered "Yes." Again, the same witness was asked as follows: "Was it the general talk of about all the people along the highway there about his reckless driving, so the men upon the highway knew the way he drove?" This question was also objected to, and the same ruling made. The witness answered: "I have heard the remark made that sooner or later he would meet his 'Waterloo.'" No motion was made to strike out this answer on the ground it was not responsive. One or two other questions of like import were allowed to be answered over the objection of the appellant. The cases having

to do with this subject are all very clear as to the questions permitted to be asked on direct examination of a witness when the subject of one's reputation for any particular trait is properly in issue and is being inquired into. None of them sanction the admission of the testimony above set forth, but in view of the fact that testimony was introduced without objection showing the reputation of the boy in question for reckless and rapid driving, the fact that some of the witnesses stated on direct examination just what they had heard cannot, in view of the constitutional provision above referred to, be held prejudicial. There is plenty of testimony set forth in the transcript upon which the jury was entitled to base its verdict, irrespective of the reputation of the boy for rapid driving. There was testimony to the effect that he was driving from thirty-five to forty miles per hour a few moments preceding the collision and also that he was driving from twenty to twenty-five miles per hour on a portion of the highway where the jury might from the testimony conclude that such a rate of speed was reckless and careless, hence the reputation of the boy for rapid and reckless driving becomes immaterial in view of the fact of the existence of the testimony from which the jury might arrive at the conclusion that the driver of the automobile was driving at a rapid and reckless rate of speed at the time of the collision.

No other matters having been presented for our consideration in this cause, we conclude that the judgment of the trial court should be affirmed, and it is so ordered.

Hart, J., and Finch, P. J., concurred.